[Cite as *State v. Williams*, 2020-Ohio-3992.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1129

　　　　Appellee                          Trial Court No. CR0201802829

v.

Darrell Williams                          **DECISION AND JUDGMENT**

　　　　Appellant                          Decided:　August 7, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant, Darrell Williams, from the judgment

of the Lucas County Court of Common Pleas.  In this case, appellant was indicted on

October 4, 2018, on one count of aggravated robbery, in violation of R.C. 2911.01, a

felony of the first degree, and abduction with a specification, in violation of R. C.

2905.02, a felony of the first degree.

{¶ 2} On April 18, 2019, appellant entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.E.2d 162 (1970), to an amended charge of robbery, a violation of R.C. 2911.02(A)(1) and (B), a felony of the second degree. As part of a plea agreement, the state would dismiss the abduction and specification charge at sentencing. Appellant also admitted to a violation of the terms of a pending community control violation.

{¶ 3} The court sentenced appellant to six years of incarceration on the robbery charge, with three years of mandatory postrelease control, to be served consecutive to the sentence for the community control violation. Appellant did not appeal from the revocation of his community control.

{¶ 4} At sentencing, the trial court told appellant that he was not a proper candidate for placement in a program of shock incarceration or intensive program prison. However, in its judgment entry the court specifically found the appellant "eligible but not recommended for shock incarceration under R.C. 5120.031 or intensive program prison under R.C. 5120.032."

{¶ 5} Appellant appeals from his sentence for the robbery and raises a single assignment of error:

> THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT NOT A PROPER CANDIDATE AND/OR ELIGIBLE BUT NOT RECOMMENDED FOR SHOCK INCARCERATION WITHOUT SPECIFYING REASONS AS REQUIRED BY R.C. 2929.19(D).

2.

{¶ 6} Appellant argues that R.C. 2929.19(D) requires the trial court provide its reasons for disapproving shock incarceration or the intensive program prison.

{¶ 7} However, not all offenders are eligible for shock incarceration or an intensive prison program. R.C. 5120.032(B)(2), which sets forth the eligibility criteria for an intensive prison program, excludes individuals who are serving a prison term for "aggravated murder, murder, or a felony of the first- or second-degree * * *." *Id.* R.C. 5120.031, the shock incarceration statute, defines an "eligible offender" as a person who has pled guilty to or been convicted of a felony, except those individuals who are ineligible to participate in an intensive prison program.

{¶ 8} Appellant was sentenced for robbery, a second-degree felony, which rendered him ineligible for both shock incarceration and an intensive program prison. The trial court expressly told him at sentencing that he was ineligible for shock incarceration or an intensive program prison. Nevertheless, the judgment entry inaccurately found that he was eligible.

{¶ 9} Since the statute specifically excludes the appellant from eligibility for shock incarceration or an intensive prison program, we find appellant's sole assignment of error not well-taken and, therefore, it is denied.

{¶ 10} However, we remand this case back to the trial court for issuance of a nunc pro tunc entry with respect to its May 17, 2019 judgment entry of sentencing to reflect

that appellant is not eligible for shock incarceration under R.C. 5120.031 or an intensive program prison under R.C. 5120.032.

{¶ 11} The judgment of the trial court is affirmed, but this case is remanded to the trial court to nunc pro tunc its May 17, 2019 sentencing entry consistent with this decision. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed<br>
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.